EUGENE DUBELBEISS, DEFENDANT IN ERROR, v. TOWN OF WEST HOBOKEN, PLAINTIFF IN ERROR.

Argued November 24, 1911—Decided March 4, 1912.

1. *Dubelbeiss* v. *West Hoboken,* 52 *Vroom* 98, approved and adopted.
2. When the investigation of questions of fact is required for the proper review of ordinances or other municipal proceedings, the Supreme Court has power by its constitutional jurisdiction to consider such matters of fact, and the source of that power is not statutory.
3. In consonance with the practice long adopted by the Court of King's Bench and approved by this court, the Supreme Court may not only order a reversal of the judgment of an inferior tribunal but may enter such new judgment in that court as it appears by the record that the tribunal below ought to have rendered.

On error to the Supreme Court.

For the plaintiff in error, *Merritt Lane.*

For the defendant in error, *Edwards & Smith* and *James C. Agnew.*

The opinion of the court was delivered by

VOORHEES, J. This case comes to this court by writ of error removing a final judgment of the Supreme Court.

The judgment so brought under review reversed a determination of the town council of the town of West Hoboken, dismissing the defendant in error from the police force of that town, and upon such reversal, ordered him to be restored in all things. The defendant in error, a patrolman, with another officer, raided the disorderly house of one De Lorenzo, arresting her and the inmates, which was followed by her conviction and the imposition of a prison sentence. Two days after the raid, she made complaint in writing to the mayor and common council of the town of

West Hoboken, against the defendant in error, and his fellow officer, that in making the raid and arrests the patrolmen had used violence and foul language, had assaulted two of the inmates, and had taken property from another. The town council proceeded, on April 13th, 1910, to hear the testimony of witnesses, and to try the patrolmen upon these charges, in spite of the request of the Court of Quarter Sessions to delay such hearing until after the indictment, then found against De Lorenzo, had been tried, and on April 20th, found them guilty and adjudged that they be dismissed from the police force. Thereupon a writ of certiorari was allowed to remove the judgment of the town council.

Under that writ, the findings of the council, together with the testimony taken upon the trial, were sent to this court. Thereafter depositions were taken before Supreme Court examiners to be used upon the argument of the writ of certiorari and were so used.

The certiorari was brought on for argument before Mr. Justice Swayze, a single justice, upon notice given by the prosecutor, pursuant to section 5 of the Certiorari act. The counsel for the town, as the argument was about to proceed before Mr. Justice Swayze, requested the court "not to hear the case, but to defer the matter for hearing before the Supreme Court at the November term, as he preferred to have the Supreme Court hear it."

The case, however, was thereupon heard, and judgment was rendered as above recited on October 26th, 1910. Afterwards on November 5th, 1910, counsel for the town served a notice upon the prosecutor in certiorari that application would be made to the Supreme Court for an order striking from the files of the court the order for judgment, upon the ground that the order or judgment was not entered by any rule of the Supreme Court; that it was not the judgment of the Supreme Court, and that section 5 of the Certiorari act (Revision of 1903) (Pamph. L. 1903, p. 343) is unconstitutional, and takes away from the Supreme Court its prerogative to determine all cases on writ of certiorari, and is an interference by the legislature with the judicial authority

and, deprives the defendants of the right guaranteed by the constitution of having its rights upon an action in *certiorari* passed upon by the Supreme Court.

At the November term, 1910, of. the Supreme Court, the case came on to be heard upon the above notice, and after the determination of that branch of the case adversely to the plaintiff in error, this writ of error was sued out of this court on the 23d day of March, 1911.

The ample and satisfactory opinion of the Supreme Court, written by Mr. Justice Parker (52 *Vroom* 98), is approved by this court, and is adopted as determinative of the questions therein dealt with.

It remains only, therefore, to consider the other matters which have been assigned for error in this court.

It is argued by the plaintiff in error that the Supreme Court based its determination upon testimony taken under the writ of *certiorari* after the trial before the town council had been concluded; that the consideration of such testimony was error, and further, that the Supreme Court was without power to enter judgment in that court, the greatest possible relief which the prosecutor could obtain being a rehearing by the town council. This court will not inquire into the facts, the determination of the Supreme Court being final thereon. *Lehigh and Wilkesbarre Coal Co.* v. *Junction,* 46 *Vroom* 922.

The question therefore is confined to the propriety of the reception and consideration of the additional testimony. The amendment of the *Certiorari* act of 1907 (*Pamph. L., p.* 95) expressly provides for the taking and consideration of such additional testimony, but aside from that statute, this court has determined that when the investigation of questions of fact is required for the proper review of ordinances or other municipal proceedings, the Supreme Court has power by its constitutional jurisdiction to consider such matters of fact, and that the statute is not the source of the existence of that power. *Lighthipe* v. *Orange,* 46 *Vroom* 365; *affirmed,* 47 *Id.* 817.

So, too, with reference to the entry of the judgment in the Supreme Court without ordering a new trial before the town council. The Supreme Court was right in ordering not only a judgment of reversal, but may enter such new judgment in that court as it appeared by the record that the tribunal below ought to have rendered. This is in consonance with the practice adopted by the Court of King's Bench and which has been approved by this court. *State, Hoxsey, pros., v. City of Paterson,* 10 *Vroom* 489; *Smith* v. *Ocean Castle,* 30 *Id.* 198.

In addition, however, to this right, there is also the statutory warrant contained in the act of 1907, *supra,* for such judgment. That act provides that "the court may reverse or affirm *in whole* or *in part* such * * * findings or determination, suspension, dismissal * * * reviewed."

The judgment of the Supreme Court will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Trenchard, Parker, Bergen, Voorhees, Kalisch, Bogert, Vredenburgh, Vroom, Congdon, White, JJ. 13.

*For reversal*—None.